UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID EVANS, individually and on behalf of all others similarly situated, 6650 W. State Street, #114 Milwaukee, WI 53214,<br><br>             Plaintiff,<br><br>   v.<br><br>AETNA, INC., AETNA HEALTH INSURANCE CO., AETNA HEALTH AND LIFE INSURANCE CO., and DOES 1-10, inclusive,<br><br>             Defendants, | Case No. 13cv1039<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David Evans ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for statutory damages, injunctive relief, and other legal and equitable remedies, resulting from the illegal actions of Aetna, Inc., Aetna Health Insurance Co., Aetna Health and Life Insurance Co., and/or their telemarketer agents (identified herein as "DOES 1-10") (together, "Aetna") in negligently, knowingly, and/or willfully contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). Aetna violated the TCPA by contacting Plaintiff and Class Members on their cellular telephones for telemarketing purposes via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or

prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without Plaintiff's or Class Members' prior express consent within the meaning of the TCPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class Member from a different state.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

4. This Court has personal jurisdiction over Aetna because, as Aetna Health and Life Insurance Company and Aetna Health Insurance Company are licensed to conduct the business of insurance in the State of Wisconsin, Aetna has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Wisconsin.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Aetna is subject to this Court's personal jurisdiction.

## PARTIES

6. Plaintiff David Evans is, and at all times mentioned herein was, an individual citizen of the State of Wisconsin, who resides in Milwaukee, Wisconsin.

7. Aetna, Inc. is the parent company of Aetna Health and Life Insurance Company and Aetna Health Insurance Company. All three companies are headquartered in Connecticut.

Aetna Health and Life Insurance Company and Aetna Health Insurance Company are licensed to sell insurance in Wisconsin. Plaintiff is unaware of which of these three companies is responsible for the calls that are the subject of this complaint, as the person(s) placing the calls told him they were calling on behalf of "Aetna."

8. Does 1-10 are unknown third-parties authorized or having the apparent authority to make telemarketing calls on behalf of Aetna, Inc., Aetna Health and Life Insurance Company, and/or Aetna Health Insurance Company.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded or artificial telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming call whether they pay in advance or after the minutes are used.[2]

12. Section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers and/or artificial or prerecorded voices to make any call to a wireless number for any purpose other than an emergency, absent the prior express consent of the called party.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14115 (2003).

3

13. The FCC has explained that only consumers who "knowingly release their phone numbers to a business" will be deemed to have given prior express consent.[3]

14. The FCC further clarified that consumers are deemed to have consented to telemarketing calls only where they have "(a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services."[4]

15. While telemarketing calls to residential lines are exempted where there exists an "established business relationship," no such exemption applies to telemarketing calls to cell phones. See 47 C.F.R. § 64.1200(f)(5).

16. Under the TCPA, the burden is on Aetna to demonstrate prior express consent.

17. Regardless of whether there exists prior express consent, the FCC rules require the telemarketer's prerecorded message to disclose the name of the business, entity, or individual on whose behalf the call was placed. 47 C.F.R. 64.1200(b)(1).

18. In addition, the rules allow consumers to make "do-not-call" requests that companies must track in internal do-not-call lists. C.F.R. § 64.1200(c); 16 C.F.R. § 310.4(b)(1)(iii)(B). Telemarketers must provide consumers with an automated opt-out mechanism that "must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call." 47 C.F.R. 64.1200(b)(3). This mechanism was enacted to empower consumers to "stop receipt of unwanted autodialed or prerecorded telemarketing calls to which they never consented."[5]

---

[3] *In re Rules and Regulations Implementing the Tel. CPA of 1991*, 7 FCC Rcd 8752, 8753 (1992).
[4] *In re Rules and Regulations Implementing the Tel. CPA of 1991,* 10 FCC Rcd 12391, 12396 (1995).
[5] Telephone Consumer Protection Act of 1991, Final Rule, 77 Fed. Reg. 34233, 34239 (June 11, 2012).

## VICARIOUS LIABILITY FOR TELEMARKETING CALLS

19. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers."[6]

20. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 F.C.C.R. at 6586 (¶ 34).

21. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts.

28 F.C.C.R. at 6592 (¶ 46).

22. The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-93 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer is "sufficient to place upon the seller the burden of demonstrating

---

[6] *In the Matter of The Joint Petition Filed by DISH Network, LLC, the United States of America, and the States of California, Illinois, North Carolina, and Ohio for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules, et al.*, 28 F.C.C.R. 6574, 6574 (¶ 1) (2013).

that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## **FACTUAL ALLEGATIONS**

23. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24. On February 1, 2013, Plaintiff received an autodialed, prerecorded telephone call to his cell phone from the telephone number (571) 441-0062. He heard the following prerecorded message: "You have been contacted for telemarketing purposes. If you do not wish to receive these calls and would like to be put on our do not call list please press one. If you would like to speak with a live person press 2." Plaintiff pressed "1" and the prerecorded voice instructed him to enter his 10-digit cellular phone number, which he did. The prerecorded voice told him that his number would be removed from the call list within 72 hours, said "thank you for your call," and then hung up.

25. Despite this representation, Plaintiff continued to receive autodialed, prerecorded calls three to four times per day on his cell phone between February 1, 2013 and February 13, 2013. Plaintiff pressed "1" several times to request to place his number on a "do-not-call" list. But, the calls continued. Once, he pressed "2" to speak to a live person, but he instead received the following recorded message: "The voicemail box is full and cannot take any further calls. Thank you."

26. Often, a few minutes after Plaintiff received one of these recorded calls, a live call would be placed to his phone. The live operators informed him that they were trying to sell insurance for "Aetna."

6

27. Plaintiff continued to receive autodialed calls from live operators to his cell phone through the end of February 2013.

28. Plaintiff never provided Aetna with his cell phone number and did not give prior express consent to receive such calls.

29. Aetna is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

30. All telephone contact by Aetna to Plaintiff and Class Members on their cell phones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

31. Aetna's telephone calls to Plaintiff's and Class Members' cell phones were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

32. Aetna's telephone calls to Plaintiff's and Class Members' cell phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency telemarketing purposes and in the absence of Plaintiff's and Class Members' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

33. Aetna's pre-recorded message failed to identify Aetna as the person/entity making the call in violation of 47 C.F.R. 64.1200(b).

34. Aetna continued to call Plaintiff and Class Members on their cell phones despite their requests to "opt-out" of receiving further telemarketing calls via the mandatory automated opt-out mechanism, in violation of 47 C.F.R. 64.1200(b).

35. Aetna acted willfully, knowingly, and without regard to the TCPA when it initiated the calls described above.

## CLASS ACTION ALLEGATIONS

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23.

38. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a telemarketing call from Aetna to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class.

39. Excluded from the Class is Aetna, and any entities in which Aetna has a controlling interest, Aetna's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

40. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

41. Plaintiff and all members of the Class have been harmed by the acts of the Defendants.

42. This Class Action Complaint seeks injunctive relief and money damages.

43. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim.

44. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45. Further, the Class can be identified easily through records maintained by Aetna and/or its telemarketing agents.

46. There are well defined, nearly identical, questions of law and fact affecting all parties.

47. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class Members.

48. Such common questions of law and fact include, but are not limited to, the following:

   a. Whether Aetna used an automatic telephone dialing system in making telemarketing calls to Class Members' cell phones;

   b. Whether Aetna used an artificial or prerecorded voice in making telemarketing calls to Class Members' cell phones;

   e. Whether Aetna failed to disclose its identity in its telemarketing calls;

   f. Whether Aetna failed to provide an automated opt-out mechanism in conjunction with its telemarketing calls;

   g. Whether Aetna's conduct was knowing and/or willful;

   h. Whether Aetna is liable for statutory damages; and

   i. Whether Aetna should be enjoined from engaging in such conduct in the future.

9

49. As a person who received a non-emergency telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to his cell phone without his prior express consent to Aetna within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class Member.

50. Plaintiff will fairly and adequately represent and protect the interests of the Class.

51. Plaintiff has no interests which are antagonistic to any member of the Class.

52. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

53. A class action is the superior method for the fair and efficient adjudication of this controversy.

54. Class wide relief is essential to compel Aetna to comply with the TCPA.

55. The interest of the Class Members in individually pursuing claims against Aetna is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter Aetna from engaging in the same behavior in the future.

56. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.

57. Aetna has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

58. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

59. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

60. The foregoing acts and omissions of Aetna constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

61. As a result of Aetna's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

62. Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Aetna in the future.

63. Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §  227 *ET SEQ*.

64. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

65. The foregoing acts and omissions of Aetna constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 et seq.

66. As a result of Aetna's violations of 47 U.S.C. § 227 et seq., Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting Aetna's violations of the TCPA in the future.

68. Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against Aetna:

A. Injunctive relief prohibiting such violations of the TCPA by Aetna in the future;

B. For Aetna's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. For Aetna's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

Dated: September 13, 2013	By: */s/ Tamara B. Packard*

        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
        Jonathan D. Selbin*
        Email:  jselbin@lchb.com
        250 Hudson Street, 8th Floor
        New York, NY  10013
        Telephone:  (212) 355-9500
        Facsimile:  (212) 355-9592

        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
        Daniel M. Hutchinson**
        Email:  dhutchinson@lchb.com
        Nicole D. Reynolds**
        Email:  nreynolds@lchb.com
        275 Battery Street, 29th Floor
        San Francisco, California  94111-3339
        Telephone:  (415) 956-1000
        Facsimile:  (415) 956-1008

        MEYER WILSON CO., LPA
        Matthew R. Wilson*
        Email:  mwilson@meyerwilson.com
        1320 Dublin Road, Ste. 100
        Columbus, Ohio 43215
        Telephone:  (614) 224-6000
        Facsimile:  (614) 224-6066

        CULLEN WESTON PINES & BACH LLP
        Lester A. Pines, SBN 1016543
        Email: pines@cwpb.com
        Tamara B. Packard, SBN 1023111
        Email: packard@cwpb.com
        122 West Washington Avenue, Suite 900
        Madison, WI 53703
        Telephone:  (866) 443-8661
        Facsimile:  (608) 251-2883

        *Attorneys for Plaintiff and the Proposed Class*

     *\* Application for admission pending.*
    *\*\* Application for admission forthcoming.*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: September 13, 2013     By: */s/ Tamara B. Packard*

        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
        Jonathan D. Selbin*
        Email: jselbin@lchb.com
        250 Hudson Street, 8th Floor
        New York, NY 10013
        Telephone: (212) 355-9500
        Facsimile: (212) 355-9592

        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
        Daniel M. Hutchinson*
        Email: dhutchinson@lchb.com
        Nicole D. Reynolds*
        Email: nreynolds@lchb.com
        275 Battery Street, 29th Floor
        San Francisco, California 94111-3339
        Telephone: (415) 956-1000
        Facsimile: (415) 956-1008

        MEYER WILSON CO., LPA
        Matthew R. Wilson*
        Email: mwilson@meyerwilson.com
        1320 Dublin Road, Ste. 100
        Columbus, Ohio 43215
        Telephone: (614) 224-6000
        Facsimile: (614) 224-6066

        CULLEN WESTON PINES & BACH LLP
        Lester A. Pines, SBN 1016543
        Email: pines@cwpb.com
        Tamara B. Packard, SBN 1023111
        Email: packard@cwpb.com
        122 West Washington Avenue, Suite 900
        Madison, WI 53703
        Telephone: (866) 443-8661
        Facsimile: (608) 251-2883

        *Attorneys for Plaintiff and the Proposed Class*

      * *Application for admission pending.*
     ** *Application for admission forthcoming.*